[No. 715. Decided March 25, 1893.]

THE DENNY HOTEL COMPANY OF SEATTLE, *Appellant*, v. DAVID GILMORE, *Respondent.*

CORPORATIONS — ACTIONS TO RECOVER ON STOCK SUBSCRIPTIONS — EFFECT OF PART PAYMENT

A subscriber to the stock of a corporation does not waive any right to object to the validity of other subscriptions, or to dispute the authority of the corporation to sue, merely from the fact that he has made payment on such subscription, when he has no knowledge as to the validity and *bona fides* of other subscriptions.

*Appeal from Superior Court, King County.*

*Hawley & Prouty*, and *Burke, Shepard & Woods*, for appellant.

*Frank G. Haddock*, and *E. C. Hughes* (*James Leddy*, of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The questions raised in this case are substantially the same as those raised in the case of the *Denny Hotel Company of Seattle v. Schram, ante,* p. 134, the only distinguishing feature being that, in this case, the defendant paid $500 in response to the first call; and it is urged by appellant that he has therefore waived any right he may have had to object to the validity of other subscriptions or to question the authority of the corporation to sue.

It is stoutly contended by the respondent that he never subscribed for any number of shares of stock, but that his name was attached to the subscription list without his consent and against his express commands, and that he did not ratify the placing of his name to the subscription list after it was brought to his notice; but that he agreed to give, for the assistance of the enterprise, what he felt able to give, but that he would not bind himself to pay anything, and what he did pay was not in payment of shares subscribed for, but purely as a donation.

The evidence on this point is conflicting; but especially in consideration of the rather unusual fact in such cases that respondent's name was not signed by himself, we would hardly feel justified in reversing this judgment on the testimony presented on this point.    But even conceding that he paid it on account of the alleged subscription, it was not a relinquishment of any known right, for the testimony shows that the respondent had no knowledge of the character of the subscribers; and, therefore, not knowing his rights, he could not be held to relinquish them.

For the reasons assigned in the *Denny Hotel Company of Seattle v. Schram, supra,* the judgment is affirmed.

SCOTT, ANDERS and STILES, JJ., concur.

HOYT, J., disqualified.